1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MORENA ELIZABETH MENDOZA-ROMALDO,<br><br>Defendant. | Case No.: 18-MJ-2070-RBB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ORDER TO CROSS-EXAMINE DECLARANT [ECF NO. 45] AND DENYING DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR SELECTIVE PROSECUTION [ECF NO. 10]** |

        Defendants Morena Elizabeth Mendoza-Romaldo (18-MJ-2070-RBB), Marbel

Yaneth Ramirez-Raudales (18-MJ-2071-RBB), and Olga Esmeralda George (18-MJ-

2085-RBB) were all arrested during the evening of April 27, 2018.  In separate criminal

complaints, each is alleged to have entered the United States illegally in violation of

Title 8, U.S.C. § 1325.   On May 2, 2018, the three Defendants filed separate motions to

dismiss the criminal complaint in their case and argue that they are being subjected to

selective prosecution.  (See Mot. Dismiss Selective Prosecution, ECF No. 10; United

States v. Ramirez-Raudales, Case No. 18-MJ-2071-RBB (S.D. Cal. filed Apr. 30, 2018)

(motion to dismiss complaint for selective prosecution filed May 2, 2018); United States

1

1 v. George, Case No. 18-MJ-2085-RBB (S.D. Cal. filed April 30, 2018) (motion to
2 dismiss for selective prosecution filed Dec. 2, 2018).

3      In support of their motions to dismiss, each Defendant attached the criminal
4 complaint against her and the complaints for other individuals arrested between April 27
5 and 29, 2018, and charged with illegal entry.  The motions also included the Declaration
6 of Norma A. Aguilar, a supervising attorney at Federal Defenders of San Diego, Inc.  In
7 her declaration, Aguilar states that "[she] reviewed the complaints in every case filed in
8 the Southern District of California for every defendant whose initial appearance took
9 place on April 30 and May 1, 2018. . . . [N]one of the complaints charging violations of 8
10 U.S.C. § 1325, featured a defendant who was accused of being a citizen of India."  (Mot.
11 Dismiss Attach. #2 Decl. Aguilar 60, ECF No. 10.)

12      The United States filed separate oppositions to the motions to dismiss on
13 May 14 and 15, 2018.  Each opposition was accompanied by the Declaration of
14 United States Border Patrol Assistant Chief Patrol Agent Ryan Yamasaki and a three-
15 page exhibit identifying (1) a group of seven individuals apprehended on April 27, 2018,
16 at 6:00 p.m., (2) a group of eighteen apprehended on April 27, 2018, at 9:00 p.m., (3) a
17 group of two apprehended on April 27, 2018, at 8:00 p.m., (4) one individual
18 apprehended on April 29, 2018, at 10:40 p.m., and (5) a separate individual also
19 apprehended on April 29, 2018, at 10:40 p.m.  (See Opp'n Def.'s Mot. Dismiss Attach.
20 #1 Decl. Yamasaki 1-5, ECF No. 29; id. Attach. #2, 1-3.)

21      Although reply briefs were not authorized, on May 16, 2018, at approximately
22 11:30 a.m., two hours before the scheduled hearing on Mendoza's, Ramirez's, and
23 George's motions to dismiss, each Defendant filed a thirteen-page reply brief.  To have
24 an adequate opportunity to consider the reply briefs, the Court continued the hearing to
25 May 23, 2018.  At the May 23 proceeding, the Court announced a tentative ruling before
26 hearing argument from counsel.  The Court described multiple bases for denying the
27 Defendants' motions to dismiss, including that Mendoza, Ramirez, and George were not
28 similarly situated to individuals apprehended and described in the declaration of Agent

Yamasaki. During the course of the argument, defense counsel for the three Defendants asked for an opportunity to cross-examine Agent Yamasaki concerning the contents of his declaration. The Court requested further briefing on the issue.

Defendants Mendoza, Ramirez, and George filed their briefs on May 30 and May 31, 2018. Mendoza argues that "if this Court intended to rely on the declaration [of Agent Yamasaki] to deny her motion . . . Agent Yamasaki should be subject to cross-examination about his factual assertions, assertions, that [the Defendant] disputed." (Mot. Order Cross-Examine Attach. #1, 4, ECF No. 45.) Mendoza, Ramirez, and George all rely on Criminal Local Rule 47.1(g)(4), which states that "[e]ach declarant in support or and in opposition to criminal motions must be made available for cross-examination at the hearing of the motion, unless the opposing party does not dispute the facts contained in the declaration." (See e.g., id.) Defendants state that they "contest the facts in [Yamasaki's] declaration." (Id.)

The Defendants acknowledge that United States v. Armstrong, 517 U.S. 456 (1996), limits a defendant's right to discovery in selective-prosecution cases and pursuant to Rule 16 of the Federal Rules of Criminal Procedure. But they assert that Local Criminal Rule 47.1 applies to their requests to cross-examine Agent Yamasaki. The Defendants further contend that cross-examination of the declarant is different from the type of discovery the Court addressed in cases like Armstrong. They maintain, "Now that the government has made the choice to rely on a witness's declaration and put that declaration in the record, Ms. Mendoza [and the other Defendants] want[] to challenge the witness's assertions via cross-examination before this Court relies on the truth of the witness's assertions." (Mot. Order Cross-Examine Attach. #1, 5, ECF No. 45.)

Additional provisions of Local Criminal Rule 47.1 relate to whether Agent Yamasaki must be made available for cross-examination. For example, Local Rule 47.1(g)(1) states in part as follows:

/ / /

/ / /

18-MJ-2070-RBB

> Criminal motions requiring a predicate factual finding must be supported by declaration(s). When an opposing party contests a representation of fact contained in a moving declaration, the opposition must likewise be supported by a declaration which places that representation into dispute. When an opposing party does not contest such a representation, but argues instead that additional facts render that representation moot or immaterial, the opposing party must support its argument with declaration(s) setting forth such additional facts. The court need not grant an evidentiary hearing where either party fails to properly support its motion or opposition.

S.D. Cal. Crim. L.R. 47.1(g)(1); see e.g., United States v. Williams, Case No. 11cr3529-BEN, 2012 U.S. Dist. LEXIS 192807, at *2 (S.D. Cal. Mar. 2, 2012) ("Without a proper evidentiary foundation, no evidentiary hearing is required and the motion to suppress is denied."). The court in Williams, 2012 U.S. Dist. LEXIS 192807, at *2, observed, "[T]here are no contested issues of fact properly joined that necessitate having an evidentiary hearing. Defendant has not filed a declaration to support the factual contentions in his motion as required by Southern Distrust of California Local Rules of Court, Criminal Local Rule 47.1 . . . ."); United States v. Hernandez-Gomez, Case No. 17cr917-BEN, 2017 U.S. Dist. LEXIS 183664, at *1 (S.D. Cal. Nov. 6, 2017) ("[H]e makes claims that are not supported by a sworn declaration. Consequently, no evidentiary hearing is necessary.").

Here, the United States submitted the Declaration of Agent Yamasaki to support its contention that Defendants Mendoza, Ramirez, and George were not targets of selective prosecution. But neither Defendants' reply memoranda, filed May 16, 2018, nor their May 31 briefs filed in support of their request to cross-examine the agent include a declaration that places the representations of Agent Yamasaki in dispute. Instead, Mendoza and the other Defendants state that "Agent Yamasaki should be subject to cross-examination about his factual assertions, assertions, that [the Defendant] disputed." (Mot. Order Cross-Examine Attach. #1, 4, ECF No. 45.) The Defendants' briefs also state that each "wants to challenge that witness's assertions via cross-examination before this Court relies on the truth of the witness's assertions." (See id. at 5.) These

generalized statements are insufficient to contest the factual statements of Agent Yamasaki and put them in dispute. See United States v. Ramirez-Garcia, 269 F.3d 945, 947 (9th Cir. 2001). The briefs do not state alternative facts and are not declarations under penalty of perjury. The Defendants' briefs suggest that there may be additional or alternative facts that would discredit Agent Yamasaki's representations or make them immaterial. Defendants are required to submit a declaration setting forth the additional facts.

The requirements of supporting and opposing declarations are described in Criminal Local Rule 47.1(g)(2):

> Each declaration must set forth, under penalty of perjury, all facts then known and upon which it is contended the motion should be granted or denied. Each declaration must show affirmatively that the declarant is competent to testify to the matter stated therein, must avoid argument and conclusions of law and must in all other respects contain only such representations as would be admissible under the Federal Rules of Evidence.

S.D. Cal. Crim. L.R. 47.1(g)(2).

The Defendants' briefs do not contain a factual basis for disputing the factual statements made by Agent Yamasaki. Specific factual statements are likewise essential to determine the scope of any hearing. Without specific, conflicting factual statements, made under oath, the Court will not convene an evidentiary hearing for the purpose of allowing free rein to question Agent Yamasaki. Defendant Mendoza fails to satisfy the prerequisites for a continued hearing.

The United States, on June 6, 2018, filed a "Memorandum Re Cross-Examination" in the Mendoza matter (18-MJ-2070-RBB), addressing whether Agent Yamasaki should be made available for cross-examination. The government contends that cross-examination of Agent Yamasaki is contrary to the holding in United States v. Armstrong, 517 U.S. 456. (See United States' Mem. 3-5, ECF No. 49.) The United States also argues that "[t]o justify an evidentiary hearing, a defendant must show that a material fact

is in dispute." (Id. at 6.) It relies on United States v. Ramirez-Garcia, 269 F.3d at 947, and asserts that "[c]onclusory allegations" are insufficient. (Id.)

In Ramirez-Garcia, the Ninth Circuit wrote, "An evidentiary hearing must be held only when the moving papers allege facts which are sufficiently definite, clear, and specific to enable the trial court to conclude that contested issues of fact exist." Id. The government also cites United States v. Orrock, 2:16-cr-0011-JAD-CWH, 2017 WL 6343787, at *5 (D. Nev. Dec. 12, 2017), where a defendant charged with tax evasion and attempting to interfere with the administration of the Internal Revenue Code sought an evidentiary hearing because he had "relatively sparse information" from his Freedom of Information Act requests and "wanted to cross examine the IRS agents." The Court denied the request because the Defendant failed to meet his burden to demonstrate "that a significant disputed factual issue exists such that a hearing is required." Id.

In the cases against Mendoza, Ramirez, and George, the Court need not resolve the tension between Local Criminal Rule 47.1(g)(4) and Armstrong because Mendoza and the other Defendants have not met the threshold for holding a continued hearing for the purpose of cross-examining Agent Yamasaki. Furthermore, these Defendants have not disputed material facts in Agent Yamasaki's declaration. Conclusory allegations and the desire to cross-examine the agent are not definite, clear, and specific factual disputes that warrant a further hearing. In any event, as described in the Court's tentative ruling on May 23, 2018, the finding that Mendoza and the other Defendants have not shown that they are similarly situated to individuals in an appropriately defined control group is not the sole basis for concluding that the elements of selective prosecution—discriminatory effect and discriminatory purpose—were not established.

///
///
///
///
///

18-MJ-2070-RBB

The request for an evidentiary hearing to cross-examine Agent Yamasaki [ECF No. 45] is **DENIED**.  Accordingly, the Defendant's Motion to Dismiss the Complaint for Selective Prosecution and her corresponding request for discovery [ECF No. 10] are **DENIED** for the reasons stated on the record at the May 23, 2018 hearing.

　　**IT IS SO ORDERED**.

Dated:  June 19, 2018

_____
Hon. Ruben B. Brooks
United States Magistrate Judge

18-MJ-2070-RBB